UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMBER THOMPKINS,

       Plaintiff(s),

v.

Z3, L.L.C., et al.,

       Defendant(s).

_____/

Case No. 03-75005

Honorable Nancy G. Edmunds

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [48]**

This is an employment discrimination case brought pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, et seq., Michigan's Elliott-Larsen Civil Rights Act ("ELCRA"), MICH. COMP. LAWS §§ 37.2101-37.2804, and 42 U.S.C. § 1981. Defendants have brought a motion seeking summary judgment on all counts. Because Plaintiff has failed to establish a prima facie case or offer evidence that Defendants' legitimate business reason for its action was pretextual, Defendants' motion is GRANTED.

**I.    Factual and Procedural History**

Defendants own and operate weight loss centers. Defendant L.A. Weight Loss Centers is the franchisor; Defendants Z3, K-Four, and Orion Enterprises are (or have been) franchisees. Plaintiff Amber Thompkins is Defendants' former employee.[1]

_____

[1]In her complaint, Plaintiff alleges "[t]hat all of the Defendant companies operate jointly and/or as alter-ego [sic] of one another." (Am. Compl. ¶ 10.) Defendants, on the other hand, contend that they are separate entities with separate decision makers. This dispute is not relevant to underlying claim, however, and the Court does not decide the issue here.

Plaintiff was hired in December of 2000 and worked in Defendants' Dearborn and Southgate centers as an assistant manager.  (Bohikian Decl. ¶ 3; Thompkins Dep. at 23-24.)  She was then promoted to manager at the Canton center, but later transferred to the Ann Arbor center where she became a co-manager.  (Id. at 27-29.)  She was then asked to work as a manager at the Jackson center and, at first, accepted.  (Id. at 33-34.)  Plaintiff was not happy at the this center, however, and sought to be transferred back to Ann Arbor. (Id.)  This was permitted, but Plaintiff was required to take a demotion to an assistant manager position.  (Id. at 34-35.)  However, once the Ann Arbor manager was promoted, Plaintiff was reinstated as the manager of that center.  (Id. at 49.)

Due to financial difficulties, the franchisee Defendants were reorganized.  (Karian Dep. at 17-19.)  As a result, certain upper level positions were eliminated, including the job held by Tina McGaughy.  (Id. at 49-50.)  McGaughy was then offered the Ann Arbor manager position, which she accepted.  (McGaughy Dep. at 75.)  After and because of this move, Plaintiff was demoted to assistant manager.  (Bohikian Decl. ¶ 7.)

Plaintiff took pregnancy leave in April of 2003.  (Id. ¶ 12.)  By the end of July, the leave permitted by the Family Medical Leave Act had been exhausted, but Plaintiff had not returned to work.  In August, Dickron Bohikian, one of the franchisee owners, received a disability form concerning Plaintiff.  (Id. ¶ 15.)  Bohikian assumed that Plaintiff did not plan to return to her position.  (Id. ¶ 16.)  So, he put that she was no longer employed by Defendants on the disability form.  (Id.)  He then recorded July 24, 2003 as Plaintiff's termination date.  (Id. ¶ 17.)

Plaintiff then filed a complaint, brought pursuant to Title VII, ELCRA, and § 1981, alleging that her demotion, disparate compensation, inability to obtain a promotion, and

2

termination were based on her race.  Defendants then filed a motion seeking summary judgment on all counts.

## II.   Standard of Review

### A.  Summary Judgment Standard

Summary judgment is appropriate only when there is "no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c).  The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).  After adequate time for discovery and upon motion, Rule 56(c) mandates summary judgment against a party who fails to establish the existence of an element essential to the party's case and on which that party bears the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

The movant has an initial burden of showing "the absence of a genuine issue of material fact." *Id.* at 323.  Once the movant meets this burden, the non-movant must come forward with specific facts showing that there is a genuine issue for trial. *See Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  To demonstrate a genuine issue, the non-movant must present sufficient evidence upon which a jury could reasonably find for the non-movant; a "scintilla of evidence" is insufficient. *See Liberty Lobby*, 477 U.S. at 252.

The court must believe the non-movant's evidence and draw "all justifiable inferences" in the non-movant's favor. *See id.* at 255. The inquiry is whether the evidence presented

3

is such that a jury applying the relevant evidentiary standard could "reasonably find for either the plaintiff or the defendant."   *See id.*

### B.  Discrimination Standard

A plaintiff "may establish a prima facie case under Title VII . . . by introducing direct evidence of discrimination or by using the *McDonnell-Douglas* burden-shifting paradigm." *Singfield v. Akron Metropolitan Housing Authority*, 389 F.3d 555, 561 (6th Cir. 2004)(citations omitted).[2]  "Direct evidence is that evidence which, if believed, requires the conclusion that unlawful discrimination was at least a motivating factor in the employer's actions."  *Hopson v. DaimlerChrysler Corp.*, 306 F.3d 427, 433 (6th Cir. 2002)(quotation and citation omitted);  *Wright v. Southland Corp.*, 187 F.3d 1287, 1298 (11th Cir. 1999)("Direct evidence" is "evidence from which a reasonable trier of fact could find, more probably than not, a causal link between an adverse employment action and a protected personal characteristic.").[3]  However, statements by decision makers that are unrelated to the employment decision at issue do not constitute direct evidence that unlawful discrimination was a determining factor in the employer's decision.  *Wells v. New Cherokee Corp.*, 58 F.3d 233, 237-238 (6th Cir.1995).

If there is no direct evidence, a plaintiff must establish a circumstantial case of discrimination by following the framework set forth by the Supreme Court in *McDonnell*

---

[2]The analysis is the same for racial discrimination claims brought pursuant to Title VII, ELCRA, or § 1981.  *See Mitchell v. Toledo Hospital*, 964 F.2d 577, 582 (6th Cir. 1992); *Sutherland v. Michigan Dept. of Treasury*, 344 F.3d 603, 614 n.4 (6th Cir. 2003).  The claims are therefore analyzed together.

[3]The Court notes that the meaning of "direct evidence" in the employment discrimination context is not the same as its traditional evidentiary definition.  *See Wright*, 187 F.3d at 1298; 1 Lex K. Larson, Larson on Employment Discrimination § 8:07.

4

*Douglas Corp. v. Green*, 411 U.S. 792 (1972) and *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248 (1981).

If a prima facie case is established, the defendant can rebut the presumption of unlawful discrimination by setting forth "reasons for its actions which, if believed by the trier of fact, would support a finding that unlawful discrimination was not the cause of the employment action." *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 507 (1993). "[T]he employer's burden is satisfied if he simply explains what he has done or produces evidence of legitimate nondiscriminatory reasons." *Board of Trustees of Keene State College v. Sweeney*, 439 U.S. 24, 25 n. 2 (1978)(quotations and citations omitted).

If the plaintiff shows a prima facie case by circumstantial evidence and the defendant rebuts this presumption, the burden shifts back to the plaintiff to show that the articulated reason for the decision was a pretext. *McDonnell Douglas*, 411 U.S. at 804.

## III.   Analysis

Plaintiff claims that she was subject to adverse employment action because of her race and because she filed a complaint with the Equal Employment Opportunity Commission ("EEOC"). Although the analyses both involve the *McDonnell Douglas* approach, the Court will address the issues separately.

### A.  Discrimination based on Race

For Plaintiff's prima facie case, she must show

> (1) that [she] is a member of a protected group; (2) that [she] was subject to an adverse employment action; (3) that [she] was qualified for the position from which [she] was fired; and (4) that [she] was treated differently than employees outside of the protected class for the same or similar conduct.

*Singfield*, 389 F.3d at 561 (citations omitted).[4]

### 1. Demotion

To prove discrimination with "direct evidence," Plaintiff must show that there is a direct causal link between her race and demotion.[5]  Plaintiff offers a letter written by Christa Kennison.  (Pl.'s Ex. 8 "Kennison Letter".)  In it, Kennison alleges to have witnessed one of Defendants' owners refer to a different African-American employee as "this black manager" and then "continued imitating [her] while having [sic] the . . . stereotypical preverbal [sic] moving . . . arms and head . . . ."  (Kennison Letter at 1.)  The Court first notes that this evidence is not admissible for a summary judgment motion because it is hearsay, not falling within an exception.[6]  Even if it was admissible, however, the evidence does not show a causal link between Plaintiff's race and the employment decision at issue

---

[4]A prima facie case for failure to promote is similar.  Specifically, the plaintiff must show that: (1) he is a member of a protected class; (2) he applied for and was qualified for a promotion, (3) he was considered for and denied the promotion; and (4) other employees of similar qualifications who were not members of the protected class received promotions at the time the plaintiff's request for promotion was denied.
*Bacon v. Honda of America Mfg., Inc.*, 370 F.3d 565, 575 (6th Cir. 2004)(citation omitted).

[5]Plaintiff does not make the distinction between the methods of proving a discrimination claim–i.e., direct evidence versus the *McDonnell-Douglas* approach.  Therefore, she does not explicitly argue that there is direct evidence to support her claim.  The Court nonetheless analyzes the possibility of a claim based on either approach.

[6]Immediately before oral argument, Plaintiff submitted this evidence in affidavit form.  Plaintiff's failure to follow this district's summary judgment procedures resulted in prejudice to Defendants.  The Court nonetheless considers the evidence because, even with the letter, Plaintiff has not presented a genuine issue of material fact.

6

here–her demotion.   Thus, because Plaintiff has not show "direct evidence" of discrimination, the Court turns to the *McDonnell-Douglas* burden-shifting approach.[7]

Plaintiff has established the first two elements for a prima facie case because she is African-American and her demotion constitutes an adverse action.   The Court further assumes that Plaintiff was qualified for the position.   She has not, however, made a prima facie showing of discrimination because there is no evidence that a similarly situated employee from a different class was treated differently.

Even if Plaintiff had presented evidence for her prima facie case, she has not rebutted Defendants' legitimate business reason for the demotion.   Defendants' have presented evidence that certain centers were having financial difficulty and, to alleviate this problem, reorganized the ownership structure and cut certain positions.   Moreover, Defendants have shown that there was not enough work to maintain the specific position which, after being cut, resulted in Plaintiff's demotion.

> To make a submissible case on the credibility of his employer's explanation, the plaintiff is required to show by a preponderance of the evidence either (1) that the proffered reasons had no basis *in fact*, (2) that the proffered reasons did not *actually* motivate his discharge, or (3) that they were *insufficient* to motivate discharge.

*Manzer v. Diamond Shamrock Chem. Co.*, 29 F.3d 1078, 1084 (6th Cir. 1994)(citations and emphasis omitted)(emphasis in original).

---

[7]Plaintiff also points to the deposition of Danna Patyk, one of Defendants' employees. Patyk claims that Suzy Kent, another employee, speculated to her that one of Defendants' owners did not like Tina McGaughy, an African-American employee, because of her race. (Patyk Dep. at 9.)  There are numerous problems with this evidence.  First, there are layers of hearsay.  Moreover, there is no evidence that Kent's speculation is based on personal knowledge.  The evidence is therefore inadmissible and not considered here.  *See* FED. R. EVID. 602.

The first category is easily recognizable.  Specifically, Plaintiff must show that the bases which Defendants rely never occurred–i.e., that there was no financial difficulty and that Defendants' could not justify cutting the position at issue based on the workload.  *See Manzer*, 29 F.3d at 1084.  Plaintiff contends that Defendants' business organizations operated as one entity and thus, viewed from this perspective, were not in financial difficulty.  Even if this were true, however, Plaintiff has not shown that Defendants' did not cut the position at issue because there was not enough work to justify its existence.

For the second type, "the plaintiff argues that the sheer weight of the circumstantial evidence of discrimination makes it 'more likely than not' that the employer's explanation is a pretext, or coverup."  *Id.*  Plaintiff has not made a showing of pretext by this means either.  The third showing would consist of evidence that other of Defendants' employees were not demoted in the same situation.  *Id.*  No such evidence is presented here.  Thus, because Plaintiff has not shown pretext, Defendants' motion for summary judgment as to Plaintiff's demotion is granted.

### 2. Disparate Compensation

Plaintiff also contends that she was not paid as much as other employees performing the same work.  Plaintiff has not presented evidence any evidence, however, that a similarly situated employee was paid more.  Instead, she makes general allegations without evidentiary support.  This is not sufficient to survive a summary judgment motion.  Plaintiff has not established a prima facie case and therefore Defendants' motion on this issue is granted.

### 3. Failure to Promote

8

In her complaint, Plaintiff claims that she was not promoted because of her race. As noted above, this type of claim requires a showing that Plaintiff "was considered for and denied [a] promotion" and that "other employees of similar qualifications who were not members of the protected class received promotions at the time the plaintiff's request for promotion was denied." *Bacon*, 370 F.3d at 575 (citation omitted). Plaintiff has not presented evidence of this type and therefore has not met her prima facie burden. Accordingly, Defendants' motion for summary judgment on Plaintiff's failure to promote claim is granted.

### *4. Termination*

Plaintiff also argues that her termination was based on her race. Like above, she has not presented evidence sufficient for a prima facie case. Moreover, Plaintiff has not shown that Defendants' legitimate reason–that she abandoned her job and exceeded the permissible leave–was mere pretext. Thus, summary judgment is appropriate on this issue as well.

### B. Discrimination based on Protected Activity

Pursuant to § 704(a) of the Civil Rights Act of 1964, it is "an unlawful employment practice for an employer to discriminate against any of his employees . . . because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. 2000e-3(a). For Plaintiff's prima claim under this section she must show that

> (1) she engaged in activity protected by Title VII; (2) this exercise of protected rights was known to defendant; (3) defendant thereafter took adverse employment action against the plaintiff, or the plaintiff was subjected to severe or pervasive retaliatory harassment by a supervisor; and (4) there

9

was a causal connection between the protected activity and the adverse employment action or harassment.

*Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 792 (6th Cir. 2000)(citation omitted).

Filing a complaint with the EEOC is protected behavior.  *See*, *e.g.*, *Griffin v. Michigan Dep't of Corrections*, 654 F. Supp. 690 (E.D. Mich. 1982).  In addition, it is not disputed that Defendants were aware of this activity.

Plaintiff first alleges that Defendants' "spying and surveillance" constituted retaliation; however, this is incorrect.  Harassment may be the subject of a retaliation claim.  However, in addition to allegations that she was strictly monitored, Plaintiff also contends that she was harassed because of the EEOC complaint.  This implies her belief that this alleged "spying" creates a cause of action separate from the harassment claim.  Because it does not constitute an adverse employment action, however, it can be the subject of a retaliation claim only if it constituted harassment–i.e., the harassment and spying claims are one in the same.

Plaintiff's retaliatory harassment claims also fails.  First, the circumstances, even as alleged by Plaintiff, do not constitute harassment.  Plaintiff complains that she was constantly watched, asked to remove some of her pictures, and wear different shoes.  This does not create an environment that is both objectively and subjectively unreasonable.  Therefore, there was not "severe or pervasive retaliatory harassment."  Moreover, Plaintiff has not presented any evidence of a causal connection.  Thus, Plaintiff's retaliatory harassment claim cannot stand.

Plaintiff also alleges that her termination was an illegal retaliatory act.  Like above, she has not made any showing of a causal connection.  Moreover, as noted in the previous

section, Plaintiff has not shown that Defendants' legitimate reason for terminating her was pretextual.  Therefore, Defendant is also entitled to summary judgment on this claim.

## IV.  Conclusion

For the reasons stated above, the Court hereby orders that Defendants' motion for summary judgment is GRANTED.


s/Nancy G. Edmunds\
Nancy G. Edmunds\
United States District Judge

Dated:  June 1, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 1, 2005, by electronic and/or ordinary mail.

s/Carol A. Hemeyer\
Case Manager